TOMAS E. MARGAIN, Bar No. 193555
DAL BON & MARGAIN, APC
28 NORTH 1ST SUITE 700
SAN JOSE, CA 95113
TEL (408) 297-4729
FAX (408) 297-4728

margainlaw@hotmail.com

Attorneys for Plaintiffs
 FRANCIS SANCHEZ, JOSE L. SANCHEZ,
 ROBERTO A. CALLES, and ERIC ORTIZ CRUZ

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS SANCHEZ, JOSE L. SANCHEZ, ROBERTO A. CALLES, and ERIC ORTIZ CRUZ,<br><br>    Plaintiff,<br><br>v.<br><br>H&R PLUMBING AND DRAIN CLEANING, INC.; CITY OF BRENTWOOD, MOUNTAIN VIEW SANITARY DISTRICT; WESTERN SURETY COMPANY; and AMERICAN CONTRACTORS INDEMNITY COMPANY | Case No.: **CV 12-04588 DMR**<br><br>**PLAINTIFFS' MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE PURSUANT TO LOCAL RULE 16-2(d); DECLARATION OF TOMAS E. MARGAIN IN SUPPORT THEREOF; and PROPOSED ORDER** |

TO THE COURT AND ALL PARTIES WHO HAVE MADE AN APPEARANCE IN THIS ACTION

Pursuant to Local Rule 16-2(d), as well as the Federal Rules of Civil Procedure, Plaintiffs hereby requests that the initial Case Management Conference set for December 5, 2012 be continued to January 9, 2013 or the next available Wednesday on the Court's calendar.  As

1

**MOTION TO CONTINUE INITIAL CMC**

described in the below Declaration of Tomas E. Margain, good cause exists. Counsel for Defendant H&R PLUMBING AND DRAIN CLEANING, INC. ("H&R Plumbing") needs time to pick up the defense of the surety Defendants WESTERN SURETY COMPANY and AMERICAN CONTRACTORS INDEMNITY COMPANY and get their consent to have a Magistrate hear this matter. Moreover, counsel need to put in place a mechanism by which funds held by public agency Defendants, CITY OF BRENTWOOD can MOUNTAIN VIEW SANITARY DISTRICT, can be deposited in an escrow account so that those Defendants can be dismissed. As such, a continuance will allow both of these events to occur with the goal of having the pleadings settled by the Case management conference. Plaintiffs and Defendant H&R Plumbing have also been engaged in information exchanges as part of settlement communications and the continuance will also allow the parties to continue to focus on this.

Dated:   November 16, 2012

By:   //s// TOMAS E. MARGAIN
TOMAS E. MARGAIN

**DECLARATION OF TOMAS E. MARGAIN**

I, TOMAS E. MARGAIN, declare as follows:

    1.    I am an attorney duly authorized to practice before this Court and Plaintiffs' attorney of record in this action. I base this declaration on my personal knowledge unless otherwise indicated.

    2.    Defendant H&R PLUMBING AND DRAIN CLEANING, INC. is being represented by Jeff McClure of Davenport Gerstner & McClure with whom I have litigated employment wage and hour cases in the past and who I know to be experienced in public works litigation cases such as the matter at hand.

    3.    I have spoken with Mr. McClure about the litigation in a substantive manner and we have exchanged numerous e-mails. We have agreed to both try to investigate the claims to

**MOTION TO CONTINUE INITIAL CMC**

aid our clients in settlement and to simplify the procedural posture of the case at this point due to the number of Defendants.

4. I have spoken to and e-mailed counsel for the two public entity defendants which are holding construction funds based on about $36,000.00 in Stop Notices filed by the four Plaintiffs. The only role they have in the litigation is to be told by the Plaintiffs, based on a release, or the Court, based on a judgment, how to transmit these funds. As such, I communicated to both of these counsel and to Mr. McClure that we are going to draft a stipulation and order allowing the entities to transmit the funds to Mr. McClure's trust account and dismiss the entities. We are going to work on drafting this document by the end of the month to have a mechanism in place such that the funds can only be disbursed by Court order. The goal is to dismiss the public entitles so that they will not incur any litigation costs.

5. Plaintiffs have also sued two sureties who issued Payment Bonds to which claims attach. It is anticipated that both of the sureties will tender the claim for a defense to H&R Plumbing. In speaking with Mr. McClure on November 14, 2012 during our Rule 26 conference, one surety has already tendered the claim and he is working to have the second surety tender the claim. Mr. McClure needs a continuance for this to occur and also to have the Defendants make a decision on consenting to a Magistrate. The goal is to have Mr. McClure respond to the Complaint as to these two Defendants and H&R Plumbing.

6. Counsel have also been able to have two preliminary discussions and are working on a document exchange to determine the value of the case from each side's perspective. A continuance will allow the parties to continue to do this with the aim to settlement the case or to recommend mediation at an early stage. By making this statement, I am not implying that Defendants are conceding any liability but I have found the conversations productive to allow counsel to assess the strengths and weaknesses of each side's case.

**MOTION TO CONTINUE INITIAL CMC**

7. Mr. McClure and I spoke about my intent to seek a continuance and we both looked at our calendars and decided that a continuance to a CMC date from January 7 to 14 fit our calendars and I chose the 9th based on the Court's calendar.

I declare under penalties of perjury under the laws of the United States that the foregoing is true and accurate. Executed on November 16, 2012 in San Jose, Santa Clara California.

By: ____//s// Tomas Margain_____
Tomas E. Margain

**ARGUMENT**

The Court has the authority to continue hearings and a party may seek a continuance under Local Rule 16. Here, counsel have meet and conferred on the continued date. Counsel have also agreed that there is good cause as the continuance will allow parties to be dismissed and the three remaining defendants represented by one counsel.

Dated: November 16, 2012

By: //s// TOMAS E. MARGAIN
TOMAS E. MARGAIN

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS SANCHEZ, JOSE L. SANCHEZ, ROBERTO A. CALLES, and ERIC ORTIZ CRUZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H&R PLUMBING AND DRAIN CLEANING, INC.; CITY OF BRENTWOOD, MOUNTAIN VIEW SANITARY DISTRICT; WESTERN SURETY COMPANY; and AMERICAN CONTRACTORS INDEMNITY COMPANY | Case No.: **CV 12-04588 DMR**<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE PURSUANT TO LOCAL RULE 16-2(d)** |

　　　　BASED ON PLAINTIFF'S MOTION TO CONTINUE, THE COURT'S FILE AND GOOD CAUSE SHOWN, THE COURT ORDERS AS FOLLOWS:

5

**MOTION TO CONTINUE INITIAL CMC**

The initial Case Management Conference and Rule 26 Deadlines are continued as follows:

**December 20, 2012**

- Last Day to Meet and Confer Regarding Initial Discloses, ADR process election and discovery plan.
- Last Day to file ADR Certificate signed by Parties and Counsel.
- Last Day to either file a stipulation to ARD Process or Notice of Need for ADR Phone Conference.

**January 2, 2013**

- Last Day to File Rule 26(f) Report, complete initial disclosures and file Joint Case Management Statement
- Last Day to File Magistrate Consent Form

**January 9, 2012**

- Initial Case Management Conference in Courtroom 4, 3rd Floor, Oakland Courthouse at 1:30 p.m.

IT IS SO ORDERED

DATED:  Nov. 20, 2012          By: _____



Hon. Donna M. Ryu
Magistrate Judge of the United States District Court

**MOTION TO CONTINUE INITIAL CMC**